IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FREDERICK LAMAR SPEIGHTS,

Plaintiff,

v.  :  CIVIL ACTION NO.: CV509-100

Warden BARRY GOODRICH;
Commissioner BRIAN OWEN;
CORNELL CORRECTIONS
HEADQUARTERS; DONALD
R. JACKSON; DANNY BENNETT;
MIZELL; NICHOLE MADDOX;
C. FOUST; CORRECTIONS
CORPERATION OF AMERICA;
P. HERBERT; MARIE STEED;
OGLESBY; B. DYAL; U.S.P. SERVICE;
PEGGY COOPER; and M. HOWELL,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983, as amended. A prisoner proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune to such relief. 28 U.S.C. § 1915A (b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff contends that, while he was incarcerated at D. Ray James Prison in Folkston, Georgia, he bought a compact disc ("CD") player. Plaintiff asserts that he sent the CD player to be repaired, but he could not verify whether the CD player was mailed out of the prison, lost, or destroyed. Plaintiff also asserts he has attempted to obtain information about the whereabouts of his CD player, and his attempts have continued since he was transferred to Coffee Correctional Facility. Plaintiff alleges he has not received a response to his grievances. Plaintiff contends that Defendants either have failed to supervise their employees or that Defendants have acted negligently.

A plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). It does not appear that Plaintiff has met this basic requirement.

However, liberally construing Plaintiff's Complaint, he appears to attempt to set forth a due process claim. "The Due Process Clause protects against deprivations of 'life, liberty, or property without due process of law.'" Kirby v. Siegelman, 195 F. 3d 1285, 1290 (11th Cir. 1999) (quoting U.S. CONST. amend. XIV). An "action alleging a procedural due process clause violation requires proof of three elements: deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally-inadequate process." Smith v. Sec'y, Fla. Dep't of Corr., 2009 WL 4893301, *2 (11th Cir. Dec. 21, 2009) (quoting Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir. 1994)). The intentional deprivation of property gives rise to a due process clause violation when the government fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). As the alleged deprivation of Plaintiff's property occurred in Georgia, Georgia law provides the appropriate remedy. There is no evidence Plaintiff has pursued this remedy.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 18th day of March, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE